# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **RONALD HUGH HUTTON,**<br><br>*Plaintiff*,<br><br>v.<br><br>**LARSEN**, *et al.*,<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**3:25-cv-00140-TES** |

## ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, DISMISSING PLAINTIFF'S COMPLAINT, AND ORDER TO SHOW CAUSE

Pro se Plaintiff Ronald Hugh Hutton filed the above-captioned case and a Motion for Leave to Proceed In Forma Pauperis [Doc. 2]. This is Plaintiff's fourth filing of substantially the same case in this Court within the past year. *See Hutton v. U.S. Dept. of Vet. Affairs, et al.*, No. 3:24-cv-00055-TES (M.D. Ga. June 20, 2024); *Hutton v. Larsen, et al.*, No. 3:24-cv-00123-TES (M.D. Ga. Nov. 27, 2024); *Hutton v. U.S. Dept. of Vet. Affairs, et al.*, No. 3:25-cv-00102-TES (M.D. Ga. June 17, 2025). This Court previously transferred Plaintiff's cases to the Eastern District of North Carolina where they were each ultimately dismissed. *Hutton v. U.S. Dep't of Veterans Affs., et al.*, No. 5:24-cv-349, ECF ORDER Nov. 1, 2024 (E.D.N.C. Nov. 1, 2024) (dismissed for failure to prosecute); *Hutton v. U.S. Dep't of Veterans Affs., et al.*, No. 5:24-cv-685, ECF No. 10 (E.D.N.C. March 20,

2025) (dismissed for failure to prosecute); *Hutton v. U.S. Dep't of Veterans Affs.*, No. 5:25-cv-381, ECF No. 10 (E.D.N.C. Sept. 9, 2025) (dismissed for failure to prosecute). For the following reasons, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* but **DISMISSES** Plaintiff's complaint as frivolous and **ORDERS** Plaintiff to show cause as to why he should not be sanctioned under Federal Rules of Civil Procedure Rule 11.

A. **Background**

Plaintiff filed his complaint on September 2, 2025, naming 24 Defendants. [Doc. 1, p. 8]. Plaintiff is suing Defendants under 42 U.S.C. § 1983; 5 U.S.C. 552a; "Privacy Act[;] Universal Declaration of Human Rights, Article 12; the First Amendment; International Covenant of Civil and Political Rights, Article 17; Declaration of Independence, 2nd paragraph." [Doc. 1, p. 3]. Plaintiff categorizes this suit under "Assault, Libel & Slander." [Doc. 1-3]. He states that the Department of Veterans Affairs (hereinafter "Department") gave him the "label" of a mentally disabled veteran, but that label "does not seem to be applicable anymore." [Doc. 1-1, p. 1]. Plaintiff goes on, in 26 pages, to recount how he has "worked through a lot of the problems within [himself]," but the actions of "conspirators" have turned his efforts "into a waste of bettering oneself." [*Id.*]. Furthermore, the actions of these "conspirators" have contributed to his "capacity to concentrate . . . not be[ing] optimal in the present day, and even . . . exacerbated by the effects of being slandered." [*Id.*].

The conspirators, according to Plaintiff, are the landlords Plaintiff rented an apartment from in 2002 [*Id*. at 2], business associates of the landlords [*Id*. at 1], and a television news station out of Raleigh, North Carolina. [*Id*. at 1]. Plaintiff claims these conspirators are working together to harm his ability to improve in life so that he is forced to move back into the same 2002 apartment [*Id*. at 6]. This includes the conspirators calling anyone Plaintiff encounters to tell them of his label by the Department [*Id*. at 5–6], sabotaging job opportunities [*Id*. at 4–5], and constantly monitoring Plaintiff using equipment from a Raleigh news station. [*Id*. at 7, 22]. The conspirators have worked together over the last 15 years, according to Plaintiff, to get back the $100,000 his landlords lost when he "change[d] renter's insurance and move[d] out." [*Id*. at 4–5]. Although difficult to tell, the only events that appear to have occurred in Georgia are when lookalikes of the former landlords would allegedly watch Plaintiff as he walked past a chemical plant on the way to the library. [*Id*. at 20–21].

For relief, Plaintiff seeks an injunction, to have the "label" removed,[1] and to have "each former landlord, business affiliate, and staff person from WRAL news station in Raleigh, NC . . . asked . . . questions while being subjected to a polygraph." [Doc. 1-2, p. 1]; [Doc. 1, p. 7]. Plaintiff then lists 189 multi-faceted questions spanning 18 pages. [*Id*. at

---

[1] Courts have previously advised Plaintiff of the proper administrative remedies Plaintiff may seek relating to the Department. *Hutton v. U.S. Dep't of Veterans Affs.*, No. 1:23-cv-414, 2023 WL 5016134, at *3 (M.D.N.C. June 2, 2023); *Hutton v. U.S. Dep't of Veterans Affs.*, No. 5:13-cv-417-FL, 2014 WL 2112668, at *2 (E.D.N.C. May 20, 2014), *aff'd*, 582 F. App'x 244 (4th Cir. 2014).

3

1–18]. For example, "[h]ave you contributed to altering text of definitions of words or other information on the Internet, that was forwarded to whatever computer that [Plaintiff] was using?" [*Id.* at p. 17, ¶ 7].

### B. Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. 2]

District courts may allow a plaintiff to file a lawsuit without prepaying fees and costs under 28 U.S.C. § 1915. That statute states:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (citation omitted) ("Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*]."). An application is sufficient to warrant a waiver of fees if it "represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307. After reviewing the statements Plaintiff makes in his application, the Court **GRANTS** his Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2].

Since Plaintiff is proceeding *in forma pauperis*, § 1915(e) requires the Court to review his pleading to determine whether it is frivolous or malicious or fails to state a

4

claim for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). A complaint is "frivolous" when it appears that a plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A district court may conclude that a plaintiff has little or no chance of success where the allegations are "clearly baseless," "fanciful," "fantastic," "delusional," or without "an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31, 32–33 (1992). In making these determinations, all factual allegations in a complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Courts, however, under § 1915(e), have the "unusual power" to "pierce the veil" of a complaint's factual allegations and dismiss claims that are predicated on "wholly incredible" factual contentions. *Denton*, 504 U.S. at 33; *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

Here, Plaintiff alleges a conspiracy spanning 15 years and several states. In Plaintiff's own words, "[s]ome text in the following paragraphs is true, some of it is surmised truth, and *some is not true at all*." [Doc. 1-1, p. 1 (emphasis added)]. For 26 pages, Plaintiff alleges "wholly incredible" and "fanciful" things like, "[his] photo must have been sent to everyone's cell phones in the community [he] lived in . . . The former landlords and business affiliates supposedly did some research on [him], found out some of [his] flaws, and told the locals what to say in [his] presence." [*Id.* at p. 6]; *Denton*, 504 U.S. at 31–33. Or, "[h]er cough had a kind of nervous characteristic to it, as if she felt guilty about something." [Doc. 1-1, p. 1]. Also, "[t]he WRAL cameras must

5

have recorded [him] saying 'Goddamnit' and other cuss words" when "a rugged plastic bag [he] was carrying . . . was torn" while he was alone in the woods. [*Id.* at 7]. Perhaps most "fanciful," though, is his allegation that "[i]t was not until late 2010 when [he] moved out of the apartment, that slander convincingly appeared to be communicated *to the entire public*, going by the comments [he] overheard." [*Id.* at 20 (emphasis added)]. The Court joins with other courts and **DISMISSES** Plaintiff's claims as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).[2]

### C. Order to Show Cause

This Court alone has not borne the brunt of Plaintiff's filings. That privilege goes

---

[2] In addition to frivolity, courts have also dismissed Plaintiff's previous claims for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). *See, e.g.*, *Hutton v. U.S. Dep't of Veterans Affs.*, No. 1:17-cv-151, 2017 WL 1437133 (M.D.N.C. Apr. 21, 2017). This case can also be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff brings his lawsuit under, primarily, § 1983. [Doc. 1, p. 3]. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Here, Plaintiff Hutton has failed to plausibly allege a violation of any of his Constitutional rights or a right secured under federal law that was committed by a person acting under color of state law." *Hutton v. U.S. Dep't of Veterans Affs.*, No. 1:23-cv-414, 2023 WL 5016134, at *2 (M.D.N.C. June 2, 2023). Furthermore, Plaintiff's claims against individuals and organizations "are not subject to suit under [42 U.S.C. § 1983 for alleged constitutional violations because there is no basis to conclude that they were acting under color of state law." *Id.*

Plaintiff also brought his claims under 5 U.S.C. § 552a, and various other documents like the Universal Declaration of Human Rights. None of these support Plaintiff's claims. The "[p]rivate right of action created by [the] Privacy Act only applies to federal agencies." *Wilkerson v. H & S, Inc.*, 438 F. App'x 769, 770 (11th Cir. 2011). Documents like the Universal Declaration of Human Rights are "non-binding and likewise [do] not provide a private cause of action." *Lynch v. Lewis*, No. 7:14-cv-24 HL, 2014 WL 1813725, at *3 (M.D. Ga. May 7, 2014) (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734–35 (2004)); *see also Rywelski v. Biden*, No. 23-5099, 2024 WL 1905670, at *2 (10th Cir. May 1, 2024), *cert. denied*, 145 S. Ct. 444 (2024) (stating the Declaration of Independence does not create enforceable rights). Finally, Plaintiff fails to describe any facts to support a claim for violation of his First Amendment rights. In short, Plaintiff has also failed to state a claim.

to the district courts in North Carolina. Plaintiff has filed, at the very least, 22 cases in North Carolina district courts.[3] He has also filed two cases in Tennessee,[4] and one in Ohio.[5] All in all, Plaintiff has now filed at least 29 cases across four states. Each and every one of them was dismissed. Furthermore, Plaintiff has filed largely the same case

---

[3]*See Hutton v. U.S. Dep't of Veterans Affs.*, No. 1:12-cv-190, ECF No. 26 (M.D.N.C. May 22, 2012) (dismissed for Plaintiff to pursue claims directly with U.S. Department of Veterans Affairs); *Hutton v. U.S. Dep't of Veterans Affs.*, No. 5:14-cv-847, ECF No. 7 (E.D.N.C. Dec. 30, 2014) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Hutton v. U.S. Dep't of Veterans Affs.*, No. 5:13-cv-417-FL, 2014 WL 2112668 (E.D.N.C. May 20, 2014) (same), *aff'd,* 582 F. App'x 244 (4th Cir. 2014); *Hutton v. U.S. Dep't of Veterans Affs.*, No. 5:15-cv-9-FL, 2015 WL 1851413 (E.D.N.C. Apr. 22, 2015) (dismissed under 28 U.S.C. § 1915(e)(2), and also enjoined Plaintiff from filing any more lawsuits or motions against the U.S. Department of Veterans Affairs in the Eastern District of North Carolina); *Hutton v. U.S. Dep't of Veterans Affs., et al.*, No. 1:16-cv-1416, ECF No. 4 (M.D.N.C. Feb. 2, 2017) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Hutton v. U.S. Dep't of Veterans Affs.*, No. 1:17-cv-151, 2017 WL 1437133 (M.D.N.C. Apr. 21, 2017) (same); *Hutton v. U.S. Dep't of Veterans Affs.*, No. 1:16-cv-00245-MR-DLH, 2017 WL 2059670 (W.D.N.C. May 12, 2017) (granting defendant's motion to dismiss); *Hutton v. U.S. Dep't of Veterans Affs., et al.*, No. 3:17-cv-488, ECF No. 3 (W.D.N.C. Sept. 1, 2017) (dismissed with prejudice as barred by res judicata); *Hutton v. U.S. Dep't of Veterans Affs.*, No. 1:17-cv-796, ECF No. 6 (M.D.N.C. Oct. 19, 2017) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Hutton v. U.S. Dep't of Veterans Affs., et al.*, No. 3:17-cv-606, ECF No. 3 (W.D.N.C. Nov. 9, 2017) (same); *Hutton v. U.S. Dep't of Veterans Affs.*, No. 1:18-cv-027, ECF Nos. 4, 8 (W.D.N.C. Feb. 16, 2018) (dismissed as frivolous and imposed a pre-filing review system); *Hutton v. U.S. Dep't of Veterans Affs.*, No. 1:18-cv-869, 2020 WL 9848452 (M.D.N.C. Jan. 16, 2020) (dismissed under 28 U.S.C. § 1915(e)(2)(B)); *Hutton v. U.S. Dep't of Veterans Affs.*, No. 1:19-cv-1140, ECF No. 8 (M.D.N.C. Jan. 22, 2020) (same); *Hutton v. U.S. Dep't of Veterans Affs.*, No. 1:20-cv-240, ECF No. 8 (M.D.N.C. Sept. 28, 2020) (same); *Hutton v. U.S. Dep't of Veterans Affs.*, No. 1:21-cv-583, ECF No. 9 (M.D.N.C. Dec. 10, 2021) (same); *Hutton v. U.S. Dep't of Veterans Affs., et al.*, No. 1:21-cv-388, ECF No. 8 (M.D.N.C. Dec. 10, 2021) (same); *Hutton v. U.S. Dep't of Veterans Affs., et al.*, No. 3:22-cv-564, ECF No. 3 (W.D.N.C. Nov. 22, 2022) (dismissed pursuant to pre-filing injunction); *Hutton v. U.S. Dep't of Veterans Affs.*, No. 1:23-cv-928, 2023 WL 8602888 (M.D.N.C. Dec. 12, 2023) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Hutton v. U.S. Dep't of Veterans Affs.*, No. 1:22-cv-896, 2023 WL 1864314 (M.D.N.C. Feb. 9, 2023)(same); *Hutton v. U.S. Dep't of Veterans Affs., et al.*, No. 1:22-cv-392, ECF No. 13 (M.D.N.C. Feb. 9, 2023) (dismissing for failure to prosecute); *Hutton v. U.S. Dep't of Veterans Affs., et al.*, No. 1:23-cv-414, ECF No. 10 (M.D.N.C. Oct. 19, 2023) (same); *Hutton v. U.S. Dep't of Veterans Affs.*, No. 5:24-cv-00685-M-KS, 2025 WL 871615 (E.D.N.C. Mar. 20, 2025) (same).

[4] *See Hutton v. U.S. Dep't of Veterans Affs.,* No. 3:24-cv-198, 2024 WL 4350329 (E.D. Tenn. Sept. 30, 2024) (dismissed for lack of personal jurisdiction, failure to state a claim, etc.); *Hutton v. U.S. Dep't of Veterans Affs., et al.*, No. 3:24-cv-464, ECF Nos. 17, 18 (E.D. Tenn. Dec 23, 2024) (dismissed as frivolous and enjoining Plaintiff from filing new complaints without prior permission).

[5] *See Hutton v. U.S. Dep't of Veterans Affs.*, No. 2:25-cv-296, 2025 WL 1359687 (S.D. Ohio May 9, 2025) (dismissed for improper venue).

every time. *See Hutton v. U.S. Dep't of Veterans Affs.*, No. 1:23-cv-414, 2023 WL 5016134, at *2 (M.D.N.C. June 2, 2023) ("This is the eleventh complaint filed by Plaintiff based on the same or similar allegations."); *Hutton v. U.S. Dep't of Veterans Affs.*, No. 5:15-cv-9-FL, 2015 WL 1851413, at *2 (E.D.N.C. Apr. 22, 2015) ("plaintiff has filed three actions previously in this court . . . all asserting duplicative, frivolous, claims.").

Plaintiff's insistence on repeatedly filing nonsensical, frivolous civil actions in this Court and other courts across the country is both vexatious and abusive. "Access to the courts is unquestionably a right of considerable constitutional significance" but it "is neither absolute nor unconditional." *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) (citations omitted). "Conditions and restrictions on each person's access are necessary to preserve the judicial resource[s] for all other persons. Frivolous and vexatious lawsuits threaten the availability of a well-functioning judiciary to all litigants." *Id*. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Klayman v. DeLuca*, 712 F. App'x 930, 932–33 (11th Cir. 2017) (per curiam) (quoting *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc) (per curiam)). "[D]istrict courts are authorized by the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants." *Miller*, 541 F.3d at 1096.

Such restrictions should be measured and tailored to the specific circumstances, and they must still protect litigants' access to the courts. *See Smith v. United States*, 386 F.

App'x 853, 857 (11th Cir. 2010). For example, the Eleventh Circuit has

> upheld an injunction prohibiting a frequent litigant from filing any new actions against his former employer without first obtaining leave of the court; an injunction directing the clerk to mark any papers submitted by a frequent litigant as received but not to file the documents unless a judge approved them for filing; and an injunction ordering a frequent litigant to send all pleadings to a judge for prefiling approval.

*Id*. (citations omitted). Additionally, in *Cofield v. Alabama Public Service Commission*, the district court dismissed with prejudice all of a prisoner-plaintiff's pending suits and ordered him "to pay the full filing fees for all future lawsuits and to seek judicial approval for any complaints or papers filed in the future." 936 F.2d 512, 514 (11th Cir. 1991). On appeal, the Eleventh Circuit held that, as to the dismissal of all the pending suits, "the district court did not abuse its discretion because the cases were all frivolous." *Id*. at 515–16. And as to the injunction, the Eleventh Circuit affirmed the provision requiring the plaintiff to obtain leave of court before filing, although it reversed the provision denying him *in forma pauperis* status in all future cases. *Id*. at 516–19. The law, therefore, provides ample authority for this Court to sanction Plaintiff for his behavior.

Indeed, other courts restricted Plaintiff's ability to file long ago. The Eastern District of North Carolina enjoined Plaintiff from filing any more lawsuits or motions against the U.S. Department of Veterans Affairs in 2015. *Hutton*, 2015 WL 1851413, at *2. The Western District of North Carolina imposed pre-filing limitations on Plaintiff in 2018. *Hutton v. U.S. Dep't of Veterans Affs.*, No. 1:18-cv-027, ECF No. 8 (W.D.N.C. Feb. 16,

9

2018). The Eastern District of Tennessee followed suit in 2024. *Hutton v. U.S. Dep't of Veterans Affs., et al.*, No. 3:24-cv-464, ECF No. 18 (E.D. Tenn. Dec 23, 2024).

Because Plaintiff continues to file frivolous civil actions, and has demonstrated he will continue to do so, it is **HEREBY ORDERED** that Plaintiff **RESPOND** and **SHOW CAUSE** why he should not be sanctioned under Rule 11 of the Federal Rules of Civil Procedure for his repeated filing of frivolous pleadings in this Court and blatant abuse of the judicial process. Plaintiff's response to this Show Cause Order must be submitted within **FOURTEEN (14) DAYS** of the date of this Order. Sanctions to be considered by this Court include, but are not limited to, a prohibition against future pro se filings. *See Diarra v. Food and Drug Admin.*, 5:22-cv-33-TES-CHW, ECF No. 9 (sanctioning Moussa Diarra by restricting his ability to file further civil actions in the Middle District of Georgia for one year); *Cobble v. v. Neely*, 1:18-cv-172-LAG, ECF No. 19 (M.D. Ga. Jan. 31, 2019) (sanctioning Daniel Eric Cobble by restricting his ability to file any further civil actions in the Middle District of Georgia for two years); *Cobble v. Unnamed*, 1:16-cv-3714-SCJ, ECF No. 5 (N.D. Ga. Oct. 27, 2016) (sanctioning Daniel Eric Cobble by restricting his ability to file any further civil actions in the Northern District of Georgia for one year).

D.   <u>Conclusion</u>

In conclusion, Plaintiff's Motion to Proceed *In Forma Pauperis* is **GRANTED**, and his current action is **DISMISSED** without prejudice. Additionally, Plaintiff is

**ORDERED** to respond within **FOURTEEN (14) DAYS** and **SHOW CAUSE** why he should not be sanctioned under Rule 11 of the Federal Rules of Civil Procedure.

    **SO ORDERED**, this 15th day of September, 2025.

                                            S/ Tilman E. Self, III
                                            **TILMAN E. SELF, III, JUDGE**
                                            **UNITED STATES DISTRICT COURT**