# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| RONALD HUGH HUTTON,<br><br>*Plaintiff*,<br><br>v.<br><br>LARSEN, *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO.<br>3:25-cv-00140-TES |

## ORDER IMPOSING SANCTIONS

On September 15, 2025, this Court granted Plaintiff Ronald Hutton *In Forma Pauperis* status, dismissed his claims, and ordered him to show cause within 14 days why he should not be sanctioned under Rule 11 of the Federal Rules of Civil Procedure for his repeated filing of frivolous pleadings. *Hutton v. Larsen*, No. 3:25-cv-00140-TES, 2025 WL 2648229, at *4–5 (M.D. Ga. Sept. 15, 2025). Plaintiff did not timely respond.[1]

In its previous order, the Court detailed Plaintiff's previous filings in the Middle District of Georgia, as well as his previous filings in other states. *Id.* at *1, *3, ns.3–5. In all, Plaintiff has filed 29 cases across four different states, with largely the same

---

[1] On September 16, 2025, the Court mailed Plaintiff a copy of its Order and Judgment to his address on file. Nine days later, Plaintiff filed a notice of change of address. [Doc. 5]. After Plaintiff's notice of change of address, the Court re-mailed Plaintiff a copy of its Order and Judgment to his updated address. On October 7, 2025, the Court received that mailing as undeliverable. [Doc. 6]. However, it is "Plaintiff's duty to keep this Court informed as to his current address." *Smith v. Phelps*, No. 5:12-cv-160-MTT, 2013 WL 5657706, at *1n.1 (M.D. Ga. Oct. 15, 2013); *Joiner v. Floyd*, No. 1:10-cv-91-WLS, 2011 WL 2473102, at *1n.3 (M.D. Ga. June 22, 2011).

allegations in each filing. *Id.* at *3. Each of Plaintiff's cases were dismissed, most as frivolous or for failure to state a claim upon which relief may be granted. *See id.* at *3, n.3. District courts have the authority to sanction a party *sua sponte* under Rule 11 for filing frivolous or vexatious lawsuits. *See Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) (recognizing that the All Writs Act, 28 U.S.C. § 1651(a) authorizes District Courts to restrict access to vexatious and abusive litigants); *Clements v. 3M Elec. Monitoring*, 795 F. App'x 738, 741 (11th Cir. 2019). Because Plaintiff has engaged in a well-documented practice of filing frivolous, illegible, and vexatious litigation and has failed to show cause why he should not be sanctioned, the Court joins with courts in other districts[2] and **ORDERS**:

(1) Ronald Hutton "is a vexatious litigant pursuant to 28 U.S.C § 1651(a), and is **ENJOINED** and **PROHIBITED** from filing any new document—including, but not limited to, any action, complaint, petition, or motion—in the Middle District of [Georgia] without first obtaining the prior written approval." *Ho v. Warren*, No. 8:21-cv-2621-TPB-CPT, 2021 WL 5494374, at *3 (M.D. Fla. Nov. 23, 2021).

(2) Motions for leave to file must be captioned "Motion for Leave to File Pursuant to Court Order Imposing Sanctions." Mr. Hutton must attach to each filing or submission: a copy of the proposed complaint, petition, or other document; a

---

[2] *Hutton v. U.S. Dep't of Veterans Affs.*, No. 5:15-cv-9-FL, 2015 WL 1851413 (E.D.N.C. Apr. 22, 2015); *Hutton v. U.S. Dep't of Veterans Affs., et al.*, No. 3:24-cv-464, ECF Nos. 17, 18 (E.D. Tenn. Dec. 23, 2024).

copy of this Order; and a certification under oath that there is a good faith basis for filing the proposed complaint, petition, or other document.

(3) For a period of *one year* (to run from the date that this Order is filed) on all civil actions Mr. Hutton seeks to initiate, the Clerk of Court shall receive the papers that Mr. Hutton submits, open a miscellaneous case number, and forward the documents to the presiding District Judge to determine whether Mr. Hutton qualifies as indigent and whether he has stated a claim with any arguable merit. Upon receipt, the Court will read and consider Mr. Hutton's submissions. Only if they allege a plausible claim for relief will the Court allow them to be filed.

(4) Should the District Judge find that Mr. Hutton's proposed action is frivolous, then no further action will be taken.

(5) If Mr. Hutton files an action without first seeking leave in violation of this Order, the action will be dismissed.

Once these restrictions expire, Mr. Hutton must ensure that any future litigation he commences follows the Federal Rules of Civil Procedure and this Court's Local Rules. Failure to do so may result in the Court re-imposing these restrictions for a longer duration.

**SO ORDERED**, this 27th day of October, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
